UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| John Liaudois, <br><br> Plaintiff, <br><br> v. <br><br> FMS, Inc. <br> c/o Illinois Corporation Service Co. <br> 801 Adlai Stevenson Drive <br> Springfield, IL 62703, <br><br> Defendant. | Case No. <br><br><br><br><br> **COMPLAINT** <br><br><br><br><br> **Jury Demand Requested** |

## JURISDICTION AND VENUE

1- This court has jurisdiction pursuant to 28 U.S.C. §1331 and 15 U.S.C. §1692k(d).

2- Venue is proper because a substantial part of the events giving rise to this claim occurred in this District.

## PARTIES

3- Plaintiff is a resident of the State of Illinois.

4- Plaintiff incurred an obligation to pay money, the primary purpose of which was for personal, family, or household uses (the õDebtö).

5- Defendant is with its principal place of business in the State of Oklahoma.

6- Defendant uses instruments of interstate commerce for its principal purpose of business, which it the collection of debts.

7- Defendant regularly attempts to collects, or attempts to collect, debts owed or due another.

8- At all times relevant, Defendant owned the Debt or was retained to collect the Debt.

1

## FACTS COMMON TO ALL COUNTS

9- Prior to September 6, 2017, Plaintiff incurred a consumer debt (the "Debt").

10- Prior to September 6, 2017, Plaintiff defaulted on the Debt.

11- On September 6, 2017, Plaintiff filed a bankruptcy petition under Chapter 7 of the Bankruptcy Code.

12- In Illinois, a Chapter 7 bankruptcy petition includes all pre-petition whether specifically listed in the bankruptcy schedules or not. *See In Re Mendiola*, 99 B.R. 863 (Bankr. N.D. Ill 1989).

13- Upon information and belief, the Debt was placed with Defendant for collection after September 6, 2017.

14- On December 4, 2017, Plaintiff received a discharge that included the Debt.

15- In or around December 2018, despite the bankruptcy petition and the discharge, Defendant telephoned Plaintiff to collect the Debt.

16- Upon information and belief, at the time of the communications referenced above, Defendant knew, or should have known, about the bankruptcy.

17- Defendant damaged Plaintiff.

18- Defendant violated the FDCPA.

## COUNT I

19- Plaintiff incorporates all the allegations and statements made above as if reiterated herein.

20- Defendant violated 15 USC § 1692e(2) by attempting to collect a debt that Defendant knew, or should have known, was included in Plaintiff's bankruptcy, thereby misrepresenting the legal status of the debt.

## COUNT II

21- Plaintiff incorporates all the allegations and statements made above as if reiterated herein.

22- Defendant violated 15 USC § 1692e(10) by falsely representing to Plaintiff that it could collect a debt that Defendant knew, or should have known, was included in Plaintiff's bankruptcy.

## COUNT III

23- Plaintiff incorporates all the allegations and statements made above as if reiterated herein.

24- Defendant violated 15 USC § 1692f by unfairly and unconscionably trying to collect a debt that Defendant knew, or should have known, was included in Plaintiff's bankruptcy.

## COUNT IV

25- Plaintiff incorporates all the allegations and statements made above as if reiterated herein.

26- Defendant violated 15 USC § 1692c(a)(2) by communicating with a consumer after Defendant knew, or should have known, that Plaintiff was represented by an attorney regarding the debt.

## JURY DEMAND

27- Plaintiff demands a trial by jury.

## PRAYER FOR RELIEF

28- Plaintiff prays for the following relief:

   a. Judgment against Defendant for Plaintiff's actual damages, as determined at trial, suffered as a direct and proximate result Defendant's violations of the Fair Debt Collection Practices Act, pursuant to 15 U.S.C. §1692k(a)(1);

   b. Judgment against Defendant for $1,000 in statutory damages for Defendant's violations of the Fair Debt Collection Practices Act, pursuant to 15 U.S.C. §1692k(a)(2)(A);

   c. Judgment against Defendant for Plaintiff's reasonable attorneys' fees and costs incurred in this action, pursuant to 15 U.S.C. §1692k(a)(3); and

    d.  Any other legal and/or equitable relief as the Court deems appropriate.

RESPECTFULLY SUBMITTED,

Meier LLC

By:*/s/ Richard J. Meier*
Richard J. Meier
401 N. Michigan Ave, Suite 1200
Chicago, IL 60611
Tel: 312-242-1849
Fax: 312-242-1841
richard@meierllc.com
*Attorney for Plaintiff*
